IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RYAN A. HARRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>PLACER COUNTY JAIL,<br><br>        Defendant. | No. 2:19-CV-1139-MCE-DMC<br><br><br>FINDINGS AND RECOMMENDATIONS |

        Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is plaintiff's first amended complaint (ECF No. 8). The court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court must dismiss an action if the court determines that it lacks subject matter jurisdiction. Because plaintiff has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

/ / /

## I. PLAINTIFF'S ALLEGATIONS

As with the original complaint, plaintiff names the Placer County Jail as the only defendant. See ECF No. 8, pg. 2. According to plaintiff, correctional staff at the Placer County Jail denied him adequate medical treatment and subjected him to excessive force. See id. at 5-7. For relief, plaintiff seeks compensatory damages in the amount of $500,000.00. See id. at 7. Alternatively, he seeks an order that "all officers involved are terminated." Id. The first amended complaint does not contain any allegations specific to defendant Placer County Jail.

## II. DISCUSSION

The only named defendant – the Placer County Jail – is a municipal entity. Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

In this case, plaintiff has not alleged any custom or policy of defendant Placer County Jail. For this reason, plaintiff's first amended complaint does not raise any cognizable claims as currently pleaded and must be dismissed. The court observes this same defect prevented service of plaintiff's original complaint. Despite the court advising plaintiff of the pleading defect and providing him with the appropriate legal standards for pleading a claim

against a municipal defendant, plaintiff makes no effort in the first amended complaint to correct the pleading defect.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that this action be dismissed in its entirely without further leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 4, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE