1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RYAN A. HARRIS,                            No.  2:19-cv-01139-MCE-DMC

12                    Plaintiff,

13          v.                                   ORDER

14    PLACER COUNTY JAIL,

15                    Defendant.

16

17          Plaintiff, who is proceeding pro se, brought this civil action.  The complaint was

18    dismissed for failure to statue a claim and judgment has been entered.  See ECF Nos. 11 and 12.

19    Pending before the court in this closed case are plaintiff's: (1) motion to vacate and for

20    reconsideration, see ECF No. 13; and (2) motion for appointment of counsel, see ECF No. 16.

21          In his motion to vacate the Court's final judgment and for reconsideration,

22    plaintiff states that relief is warranted under Federal Rule of Civil Procedure 59(e).  See ECF

23    No. 13, pg. 1.  The Court may grant reconsideration of a final judgment under Federal Rules of

24    Civil Procedure 59(e) and 60.  Generally, a motion for reconsideration of a final judgment is

25    appropriately brought under Rule 59(e).  See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th

26    Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald,

27    55 F.3d 454, 458-59 (9th Cir. 1995).  The motion must be filed no later than twenty-eight (28)

28    / / /

1    days after entry of the judgment.[1]  See Fed. R. Civ. P. 59(e).  Under Rule 59(e), three grounds

2    may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of

3    new evidence; or (3) the need to correct clear error or prevent manifest injustice.[2]  See Kern-

4    Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part

5    on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389

6    Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J

7    v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

8              At the outset, the Court finds plaintiff's motion for reconsideration timely.  Final

9    judgement was entered on November 5, 2019.  Plaintiff's motion was filed 28 days later on

10    December 2, 2019.

11              Plaintiff does not argue that there has been an intervening change in the law or

12    that there is new evidence.  Plaintiff thus appears to argue in his current motion that

13    reconsideration is warranted to correct clear error or prevent manifest injustice.  In this case,

14    plaintiff named the Placer County Jail as the only defendant.  The Court concluded plaintiff

15    failed to state a claim upon which relief could be granted:

16                  The only named defendant – the Placer County Jail – is a

17 municipal entity.  Municipalities and other local government units are among those "persons" to whom § 1983 liability applies.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  Counties and municipal

18 government officials are also "persons" for purposes of § 1983.  See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th

19 Cir. 1989).  A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat

20 superior theory of liability.  See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Thus, municipal liability must rest on the actions of

21 the municipality, and not of the actions of its employees or officers.  See id.  To assert municipal liability, therefore, the plaintiff must allege that

22 the constitutional deprivation complained of resulted from a policy or custom of the municipality.  See id.  A claim of municipal liability under §

23

24       [1]      Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner

25 litigants seeking reconsideration, the court calculates the 28-day period from the date the motion was delivered to prison authorities for mailing to the court.  Otherwise, the 28-day period is calculated based on the date the motion for reconsideration is actually filed.

26

27       [2]      If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2).  A motion under Rule

28 60(b)(2) may not be brought more than one year after entry of judgment.

1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

In this case, plaintiff has not alleged any custom or policy of defendant Placer County Jail.  For this reason, plaintiff's first amended complaint does not raise any cognizable claims as currently pleaded and must be dismissed.  The court observes this same defect prevented service of plaintiff's original complaint.  Despite the court advising plaintiff of the pleading defect and providing him with the appropriate legal standards for pleading a claim against a municipal defendant, plaintiff makes no effort in the first amended complaint to correct the pleading defect.

ECF No. 9.

Plaintiff argues that, contrary to the Court's conclusion, he sufficiently alleged facts supporting municipal liability by way of an attachment to the then-operative first amended complaint. Plaintiff also states that his claims against defendant Placer County Jail, as well as other defendants, are outlined in a proposed second amended complaint attached as Exhibit B to his motion for reconsideration.

The Court disagrees with plaintiff that he alleged sufficient facts showing municipal liability in the first amended complaint.  While plaintiff references an attachment to the first amended complaint, a review of the attachment does not reflect allegations of a municipal custom, policy, or practice which was the moving force behind the alleged constitutional violations.  The Court has, however, reviewed the proposed second amended complaint attached to plaintiff's motion for reconsideration and finds that it contains sufficient allegations of municipal liability to warrant reconsideration of the Court's dismissal of this action.  In order to prevent manifest injustice, the Court will grant reconsideration, re-open this case, and direct that plaintiff's proposed second amended complaint be filed.

Also before the Court is plaintiff's motion for the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent plaintiffs in civil actions.  See e.g. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir.

3

1 | 1990).  In the present case, the Court does not at this time find the required exceptional

2 | circumstances.

3 |       Accordingly, IT IS HEREBY ORDERED that:

4 |     1.    Plaintiff's motion for reconsideration and to vacate the Court's final

5 | judgment (ECF No. 13) is granted;

6 |     2.    The Court's order dismissing this action (ECF No. 11) is vacated;

7 |     3.    The Clerk of the Court is directed to re-open this action;

8 |     4.    The Clerk of the Court is further directed to file on the docket plaintiff's

9 | proposed amended complaint, attached as Exhibit B to his motion for reconsideration (ECF No.

10 | 13-, pgs. 16-31);

11 |     5.    Plaintiff's motion for the appointment of counsel (ECF No. 16) is denied;

12 | and

13 |     6.    The matter is referred back to the assigned Magistrate Judge to screen

14 | plaintiff's second amended complaint.

15 |     IT IS SO ORDERED.

16 | Dated:  July 6, 2020

17 |

18 | MORRISON C. ENGLAND, JR.
    UNITED STATES DISTRICT JUDGE